Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000221
16-APR-2015
09:40 AM

NO. CAAP-13-0000221

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAYLENE K. PATE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTA-12-02258)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Jaylene K. Pate (Pate) appeals from the Judgment and Notice of Entry of Judgment, entered on February 22, 2013 in the District Court of the Third Circuit, Kona Division (District Court).[1]

Pate was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2014) and acquitted of Refusal to Submit to Breath, Blood, or Urine Test, in violation of HRS § 291E-68 (Supp. 2014).

On appeal, Pate contends (1) there was insufficient evidence to find her guilty of OVUII and (2) the District Court improperly considered her conduct in refusing to cooperate with a breath test, for which she was acquitted, as a factor in her sentencing.

---

[1]    The Honorable Joseph P. Florendo presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pate's points of error as follows:

(1) There was sufficient evidence to convict her of OVUII. When the evidence adduced in the trial court must be considered in the strongest light for the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), there was sufficient evidence that Pate operated or assumed actual physical control of a vehicle on a public highway while under the influence of alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty, in violation of HRS § 291E-61(a)(1).

Officer McDaniel testified that Pate did not stop at a stop sign while driving her vehicle, when he spoke to Pate there was a strong odor of an intoxicating beverage coming from Pate, she had red, glassy, and watery eyes, she slurred her speech, she swayed back and forth, she exhibited signs of intoxication by missing heel-to-toe, staggering off the line and not finishing the heel-to-toe field sobriety test, and swayed back and forth, began the test too soon, and put her foot down during a one-leg stand field sobriety test. The District Court found the testimony by officers that Pate participated in the field sobriety tests more credible than Pate's testimony that she did not perform the field sobriety tests at all. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citation, and brackets omitted; block quote format changed).

2

(2)   The District Court did not plainly err by considering, at sentencing, Pate's conduct after her arrest as she blew into the Intoxylizer.  HRS § 706-606 (2014)[2] governs the factors that must be considered in imposing a sentence.  Pate argues that the District Court erred when it considered "unsubstantiated allegations of misconduct against her."

The conduct considered by the District Court was neither unsubstantiated nor uncharged.  Pate was charged but found not guilty of Refusal to Submit to Breath, Blood, or Urine Test, in violation of HRS § 291E-68 because the District Court determined that the failure to provide a sufficient breath sample when blowing into the Intoxylizer did not constitute a "refusal" under the statute.  Pate's conduct, testified to by the State's witness at trial, consisted of her twice failing to direct all of her breath into the mouthpiece as instructed and forcing her saliva into the mouthpiece, resulting in a failure to provide an adequate breath sample into the machine.  The District Court

---

[2]    HRS § 706-606 provides,

§706-606  **Factors to be considered in imposing a sentence.**  The court, in determining the particular sentence to be imposed, shall consider:

(1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    The need for the sentence imposed:

(a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

(b)    To afford adequate deterrence to criminal conduct;

(c)    To protect the public from further crimes of the defendant; and

(d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    The kinds of sentences available; and

(4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

found that Pate "sabotaged the breath test so that they couldn't get a reading from you, and to me that was deliberate and conscious decision." As the District Court was required to take into account the circumstances of the offense, Pate's characteristics, and the need to promote respect for the law, see HRS § 706-606 (1) & (2)(a), in fashioning an appropriate sentence, considering Pate's conduct during the testing process after arrest was proper as relevant to that consideration. We cannot conclude the District Court committed plain error.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on February 22, 2013 in the District Court of the Third Circuit, Kona Division is affirmed.

DATED: Honolulu, Hawai'i, April 16, 2015.

On the briefs:

Titiimaea N. Ta'ase,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge